UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

FILED
JAN 1 3 2005
PEGGY B. DEANS, CLERK
U.S. BANKRUPCY COURT
EASTERN DISTRICT OF N.C.

IN RE:

TODD MICHAEL JACKOVICH
MANDY JEAN JACKOVICH

    DEBTORS

CASE NO.

04-04514-5-ATS

ORDER REGARDING MOTION FOR TURNOVER AND
MOTION FOR RELIEF FROM STAY

The matters before the court are the debtors' motion for turnover and Branch Banking and Trust Company's motion for relief from the automatic stay. A hearing took place in Raleigh, North Carolina on January 11, 2005.

Todd Michael Jackovich and Mandy Jean Jackovich filed a petition for relief under chapter 13 of the Bankruptcy Code on December 17, 2004. BB&T holds a security interest in the male debtor's 2004 Nissan Frontier Crew Cab Truck. Mr. Jackovich purchased the truck in May 2004, and he missed three of the first six payments due to BB&T. As a result, BB&T repossessed the truck on December 14, 2004. The debtors demanded return of the truck after they filed their bankruptcy petition, but BB&T contends that it is not adequately protected. BB&T seeks relief from the stay to retain and sell the collateral.

The balance due on the debt to BB&T is $23,426.94. The debtors' chapter 13 plan proposes to treat BB&T's claim as secured in the amount of $19,370 and unsecured for the balance. BB&T contends that the debtors may only regain possession of the vehicle

by redeeming it pursuant to North Carolina General Statute § 25-9-623, which requires fulfillment of all obligations secured by the vehicle as well as payment of fees and costs. The debtors contend that they are entitled to "cram down" BB&T's claim under 11 U.S.C. §§ 1322 and 1325.

The United States Court of Appeals for the Fourth Circuit recently held that a debtor's right of redemption under the Uniform Commercial Code is part of the bankruptcy estate as defined in 11 U.S.C. § 541(a)(1). <u>Tidewater Finance Co. v. Moffett (In re Moffett)</u>, 356 F.3d 518, 522 (4th Cir. 2004). The court also held that the debtor may exercise the right to redeem over the course of the chapter 13 case. <u>Moffett</u> at 523. BB&T contends that <u>Moffett</u> must be interpreted to hold that the only way a chapter 13 debtor may regain possession of a vehicle is to provide for redemption, that is, payment of the entire obligation. The debtors read <u>Moffett</u> more narrowly, contending that it holds only that the right of redemption is property of the estate, and that once the vehicle becomes part of the estate the creditor's rights may be modified as provided in the Bankruptcy Code without regard to applicable state law.

Contrary to the debtors' interpretation, <u>Moffett</u> begins with the proposition that the state law right to redeem applies. It does more than give the debtor an equitable right that becomes property of the estate; it sets forth what the creditor is entitled to receive before it must return the property to the debtor. <u>Moffett</u> goes on to provide that even if a purchase agreement and

2

§ 8.9A-623 of the UCC require acceleration of debts upon default, the Bankruptcy Code entitles debtors to restructure the <u>timing</u> of payments in order to exercise a right of redemption. <u>Moffett</u> at 523 (<u>citing</u> 11 U.S.C. §§ 1322(b)(2) and (b)(3)) (emphasis added).

In support of its analysis, the <u>Moffett</u> court cited four cases in which the debtor was allowed to redeem collateral by providing for <u>full</u> payment over the course of the plan. See <u>In re Robinson</u>, 285 B.R. 732, 738-39 (Bankr. W.D. Okla. 2002); <u>Anderson v. Assocs. Commercial Corp. (In re Anderson)</u>, 29 B.R. 563, 565-66 (Bankr. E.D. Va. 1983); <u>Bell-Tel Fed. Credit Union v. Kalter (In re Kalter)</u>, 292 F.3d 1350, 1355-56 and n.4 (11th Cir. 2002); <u>Charles R. Hall Motors, Inc. v. Lewis (In re Lewis)</u>, 137 F.3d 1280, 1284-85 (11th Cir. 1998). In addition, the Eleventh Circuit specifically rejected the debtor's attempt to cram down the secured creditor's claim in his plan. See <u>Lewis</u>, 137 F.3d at 1285 (plan tendering 62 cents on the dollar offered no indication that estate had chosen to exercise its right of redemption, that is, to fulfill obligation plus expenses in accordance with Alabama law).

Based on the analysis in <u>Moffett</u>, the court concludes that the debtors must provide for redemption under North Carolina General Statute § 25-9-623 to adequately protect BB&T. This may be accomplished by either continuing to pay BB&T directly, with any arrearage paid through the plan along with repossession and storage fees, or by providing for payment of the entire claim inside the plan. See <u>Anderson</u>, 29 B.R. at 566 (debtor's payment of sums expended in repossessing and repairing vehicle, timely payment of

3

installments as provided in security documents, and curing of delinquent payments within 12 months constituted adequate protection). Further, under this analysis, BB&T is entitled to receive the contract interest rate of 7.25% as adequate protection.

Based on the foregoing, the debtors' motion for turnover is **DENIED**; however, the debtors may propose a modified plan within 20 days of the date of this order to provide for adequate protection of BB&T in accordance with the terms of this order. BB&T's motion for relief from stay is **PRELIMINARILY DENIED**. If the debtors fail to file a modified plan as set forth in this order, the stay shall be terminated without further hearing. If the debtors do file a modified plan, the court will promptly consider whether the modified plan provides adequate protection for BB&T upon request of either party.

**SO ORDERED.**

DATED:   JAN 1 3 2005

_____
A. Thomas Small
Bankruptcy Judge